UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
CORDIUS TRUST,                            :
                         Petitioner,      :
                                          :    99 CIV. 3200 (DLC)
     -v-                                  :
                                          :    OPINION AND ORDER
DONALD KUMMERFELD,                        :
                         Respondent.      :
                                          :
------------------------------------------X

Appearances:

For Petitioner:
James A. Wade
Bradford S. Babbitt
Robinson & Cole, LLP
780 Third Avenue, 4th Floor
New York, New York 10017

For Respondent:
Paul Brown
Walter A. Saurack
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169

DENISE COTE, District Judge:

Donald Kummerfeld ("Kummerfeld") has moved for a jury trial, asserting that he made a timely demand in an answer he filed on April 14, 2006. Because Kummerfeld's time to demand a jury trial, to the extent he is entitled to one[1], expired in 2003, and for the further reasons explained herein, his motion is denied.

Background

The background to this motion reaches back to 2000. Cordius

---

[1] Neither party has addressed whether there is a right to trial by jury in this proceeding. Because Kummerfeld failed to make a timely demand, it is unnecessary to address this more fundamental issue in this Opinion.

Trust ("Cordius") obtained a judgment against Elizabeth Kummerfeld and Kummerfeld Associates, Inc. ("KAI") on April 11, 2000. Cordius Trust v. Kummerfeld, 2004 WL 616125, *1 (S.D.N.Y. Mar. 30, 2004). The judgment was affirmed by the Second Circuit Court of Appeals on November 30, 2000. Kummerfeld, who is Elizabeth Kummerfeld's husband, is a fifty percent shareholder and Chairman of KAI. Kummerfeld was not a party to the underlying action.

On March 25, 2003, Cordius moved pursuant to Fed. R. Civ. P. 69(a) for the issuance of a writ of execution and turnover order piercing the corporate veil of KAI (the "Petition") in order to reach Kummerfeld's assets. Kummerfeld opposed the Petition on May 16, 2003, with a 13-page "Affidavit in Opposition to Petition and in Support of Motion to Dismiss Petition" signed by Kummerfeld ("Affidavit"), attached exhibits and a memorandum of law in opposition to the Petition and in support of a motion to dismiss. The motion to dismiss asserted that service of process was defective, that the Petition was defective, that the action was improperly commenced as a special turnover proceeding, and that the Petition failed to state a claim upon which relief could be granted. Kummerfeld asserted that he was submitting the Affidavit "in support of my motion to dismiss and in opposition to this purported special proceeding." The Affidavit addressed and argued factual matters raised by the Petition and made

substantive arguments regarding the merits of the case. Magistrate Judge Ronald Ellis, to whom post-judgment proceedings had been referred, determined over the course of several conferences spanning almost one year that the record was complete and that neither party wished to supplement its submissions. He issued a Report and Recommendation ("Report") on February 20, 2004, recommending that Kummerfeld's motion to dismiss be denied, and that the Petition to pierce the corporate veil be granted. Cordius Trust v. Kummerfeld Associates, Inc., 2004 WL 357076 (S.D.N.Y. Feb. 19, 2004).

Kummerfeld filed an objection to the Report on March 4, 2004, which included his assertion that he had never been served with a pleading and the assertion that a jury should have determined the appropriateness of piercing the corporate veil. He also claimed that he "was never given an opportunity to file an answer asserting his denials and affirmative defenses." In a second brief in support of his objections filed on March 25, 2004, Kummerfeld again argued that he was entitled to a jury trial.

In an Opinion of March 30, 2004, the Report was adopted, and Kummerfeld's motion to dismiss was denied. Cordius Trust v. Kummerfeld, 2004 WL 616125 (S.D.N.Y. Mar. 30, 2004). The Opinion rejected Kummerfeld's procedural objections to the entry of summary judgment, noting that

> Mr. Kummerfeld also argues that because he moved to dismiss Cordius's claims, he had no opportunity to answer and to assert any affirmative defenses to this action. Mr. Kummerfeld's opposition to the Cordius motion included evidentiary submissions and substantive arguments in opposition to the motion, as well as a motion to dismiss based on asserted procedural defects. . . . Judge Ellis . . . concluded that neither party wished to supplement the record. . . . Mr. Kummerfeld has provided no basis to question Judge Ellis's description of the proceedings before him or the judgment that the record was complete.

2004 WL 616125, *5 n.8. Judgment was entered in favor of Cordius and against Kummerfeld for $2,055,408.91 on May 3, 2004.

Kummerfeld appealed. Among other things, he asserted that he was severely prejudiced by the plaintiff's failure to serve a pleading, and that he had never been given "an opportunity to file an answer asserting his denials and affirmative defenses." He added that, if his motion to dismiss had been denied and summary judgment not entered, he would have filed an answer and "made a jury demand."

On October 26, 2005, the Second Circuit Court of Appeals affirmed in part and vacated in part the May 3, 2004 Judgment against Kummerfeld. The court rejected all of Kummerfeld's procedural arguments, finding that Kummerfeld had been adequately notified of Cordius' claims. The court vacated the Judgment granting the writ of execution and turnover order and remanded the case for further fact finding on whether Kummerfeld had used his domination of KAI to injure Cordius, among other things.

Following a pre-trial conference on November 18, 2005, at

which time the parties and the Court set a schedule for a non-jury trial, Kummerfeld filed a Demand for a Jury Trial on November 30. On April 14, 2006, Kummerfeld filed an Answer ("2006 Answer") and a second demand for jury trial. After Cordius objected to the demand as untimely, and pursuant to a schedule issued by the Court, Kummerfeld filed a motion for jury trial on April 28. The motion was fully submitted on May 17.

Discussion

A motion for jury trial must be filed within ten days of the service of the final pleading addressed to the issues for which a jury trial is requested. Fed. R. Civ. P. 38(b); Raymond v. Int'l Business Machines Corp., 148 F.3d 63, 65 (2d Cir. 1998). The "last pleading" is the pleading that contests an issue, generally an answer to a complaint or a reply to a counterclaim. McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990). A motion or reply to a motion does not start the clock under Rule 38(d). Windsurfing Int'l Inc. v. Ostermann, 534 F.Supp. 581, 585-86 (S.D.N.Y. 1982). The failure to request a jury trial constitutes a waiver of the right to trial by jury. Fed. R. Civ. P. 38(d).

Kummerfeld asserts that he never filed an answer to the Petition until he filed the 2006 Answer, and that the demand for a jury trial that accompanied the 2006 Answer is therefore timely. Kummerfeld argues that the Affidavit that he filed in 2003 was not an answer to the Petition, and should be viewed only

5

as a document supporting the motion to dismiss.

Despite Kummerfeld's assertion that the Affidavit is not a pleading, the Affidavit functioned as an answer, addressing in detail the assertions of fact made in the Petition. This factual presentation was unnecessary to support the accompanying motion to dismiss, which raised legal issues. The Magistrate Judge therefore treated the issues as fully joined and determined that neither party wished to supplement the record prior to his recommendation that summary judgment be entered for Cordius. In the proceedings before this Court in 2004, and again on appeal, Kummerfeld argued without success that it was premature to enter summary judgment since there had been neither a Petition nor an answer. Kummerfeld lost that argument in both fora.

Moreover, the 2006 Answer is both untimely and unnecessary. The 2006 Answer does not reply to any recent filing by Cordius, but instead references the original Petition filed in 2003. Although the right to a jury trial may be revived by the filing of a new or amended complaint or reply, it is well-settled that the filing must raise a new issue, such as the introduction of a new basic legal theory or a change in the character of the suit. Rosen v. Dick, 639 F.2d 82, 96 (2d Cir. 1980); Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973); Westchester Day School v. Village of Mamaroneck, 363 F.Supp.2d 667, 670-72 (S.D.N.Y. 2005). Cordius has not filed any pleading that would revive

Kummerfeld's right to file an answer in 2006, and Kummerfeld does not suggest that Cordius did do so. Even Kummerfeld's 2006 Answer does not raise a new issue, and again, Kummerfeld does not suggest that it does. As a result, nothing has happened to restart the clock for the filing of a timely demand for jury trial. Therefore, Kummerfeld's demand for jury trial, filed nearly three years after the last pleading of the issues is untimely.

Kummerfeld asserts that his demand for a jury trial in 2006 is timely, and pointedly does not ask this Court to exercise its discretion under either Rule 39(b) or 6(b)(2), Fed. R. Civ. P., to permit the late filing of a demand. Rule 39(b) provides that the court may grant a jury trial where a demand could have been made of right but was not made. To prevail under Rule 39(b), a party is required to demonstrate something more than "mere inadvertence" in not filing a demand within the time allowed under Rule 38. Raymond, 148 F.3d at 65-66; Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967). Rule 6(b)(2) allows the court in its discretion to allow untimely filings under the Federal Rules, when the party demonstrates excusable neglect. See Fed. R. Civ. P. 6(b)(2). A court may weigh "all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."

Raymond, 145 F.3d at 66 (citation omitted). See In re PaineWebber Ltd. Partnerships Litigation, 147 F.3d 132, 135 (2d Cir. 1998) (to establish excusable neglect a party must provide "a reasonable basis for noncompliance").

Because of the unusual procedural history in this case, Kummerfeld may be able to make the showing required by either Rule 39(b) or Rule 6(b)(2). Accordingly, Kummerfeld will be permitted an opportunity to file such a motion, provided he also addresses in that motion the issue of whether he is entitled in a proceeding to pierce the corporate veil to have the relevant factual issues decided by a jury. A scheduling order accompanies this Opinion.

## Conclusion

Kummerfeld's motion for a jury trial is denied without prejudice to the supplemental motion practice described herein.

SO ORDERED:

Dated:   New York, New York
         July 7, 2006

```
                              _____
                                     DENISE COTE
                              United States District Judge
```