```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CORDIUS TRUST,                           :
                         Plaintiff,      :
                                         :
          -v-                            :
                                         :
ELIZABETH KUMMERFELD, KUMMERFELD         :
ASSOCIATES, INC.,                        :
                         Defendants.     :
                                         :    99 Civ. 3200 (DLC)
----------------------------------------- X
                                         :    OPINION & ORDER
CORDIUS TRUST,                           :
                         Petitioner,     :
                                         :
          -v-                            :
                                         :
DONALD KUMMERFELD                        :
                         Respondent.     :
                                         :
-----------------------------------------X
```

Appearances:

For Petitioner Cordius Trust:
Bradford S. Babbitt
James Wade
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

For Respondent Donald Kummerfeld:
Kenneth F. McCallion
McCallion & Associates LLP
24 West 40th Street, 17th Floor
New York, New York 10018

DENISE COTE, District Judge:

　　This Opinion addresses respondent Donald Kummerfeld's ("Mr. Kummerfeld") motion in limine to preclude, inter alia, the admission of the live testimony of Elizabeth Kummerfeld ("Ms.

1

Kummerfeld") at trial. For the following reasons, petitioner Cordius Trust will be permitted to introduce the previously designated excerpts of Ms. Kummerfeld's deposition testimony into evidence; no evidence concerning Ms. Kummerfeld's competency at the time she gave that deposition testimony shall be admitted at trial.

BACKGROUND

This lawsuit was initiated on May 4, 1999, when Cordius Trust filed a complaint seeking payment on a promissory note executed by Ms. Kummerfeld, on behalf of herself and Kummerfeld Associates, Inc. ("KAI"), a corporation of which she and Mr. Kummerfeld are the only two shareholders. Ms. Kummerfeld was deposed at least three times in late 1999 and early 2000 in connection with Cordius Trust's lawsuit. At each deposition, she was represented by counsel, and no objection was made as to her competency. On April 11, 2000, Cordius Trust was awarded judgment (the "April 2000 Judgment") in the amount of $1,418,000 plus interest and reasonable attorneys fees and costs.

Following the April 2000 Judgment, Ms. Kummerfeld was deposed at least four more times by Cordius Trust during 2000 and 2001, presumably in an effort to secure payment on the debt. Again, on each occasion she was represented by counsel and no objection was made as to her competency. The April 2000 Judgment having not been paid, however, Cordius Trust moved on

March 25, 2003, pursuant to Federal Rule of Civil Procedure 69, for the issuance of a writ of execution and turnover order piercing the corporate veil of KAI to render Mr. Kummerfeld's personal assets amenable to attachment. Cordius Trust's Rule 69 motion was granted on March 30, 2004, see Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2004 WL 616125 (S.D.N.Y. Mar. 30, 2004), and judgment was entered in Cordius Trust's favor on April 30. Following a partial reversal by the Second Circuit in an order dated October 4, 2005, see Cordius Trust v. Kummerfeld, 153 Fed. App'x 761 (2d Cir. 2005), the action was scheduled for trial set to begin January 14, 2008.

Prior to the instant motion in limine, dated December 4, 2007, the issue of Ms. Kummerfeld's competency had never been raised before this Court. Indeed, over the course of the litigation, KAI, Ms. Kummerfeld, and Mr. Kummerfeld have repeatedly taken actions evidencing their belief that Ms. Kummerfeld is competent to participate in this civil litigation. For example, Ms. Kummerfeld appeared before the Court on several occasions. At a pretrial conference held on December 21, 1999, Ms. Kummerfeld testified for nearly an hour about her failure to comply with discovery obligations. She was represented by counsel and cross-examined by opposing counsel; Mr. Kummerfeld was present during the examination. Her answers were responsive, coherent, and intelligent. On January 28, 2000, she

appeared and was questioned concerning the withdrawal of counsel representing her and KAI. Presumably Mr. Kummerfeld, as the chairman, treasurer, and only other shareholder in KAI, consented to Ms. Kummerfeld's appearance in court to dismiss the corporation's counsel. At that session, Ms. Kummerfeld's answers were also responsive and cogent. Shortly thereafter, Ms. Kummerfeld sought to testify at the February 7, 2000 trial of Cordius Trust's claims against her and KAI. That request was denied due to her failure, <u>inter alia</u>, to identify any testimony that she intended to give that was relevant to the issues to be tried; that is, whether the note she executed in favor of Cordius Trust on behalf of herself and KAI was enforceable. In 2003, in the initial Rule 69 proceeding before the Magistrate Judge, Cordius Trust introduced deposition testimony from Ms. Kummerfeld, including excerpts from four of the five depositions Cordius Trust seeks to introduce at the January 14, 2008 trial. Mr. Kummerfeld made no objection to the Court's consideration of that testimony, and indeed offered other excerpts from her depositions on his own behalf. Only after the Magistrate Judge ruled against him did Mr. Kummerfeld object to this Court's consideration of Ms. Kummerfeld's deposition testimony. <u>See</u> <u>Cordius Trust v. Kummerfeld</u>, No. 99 Civ. 3200, 2004 WL 616125, at *7 n.11 (S.D.N.Y. Mar. 30, 2004). Even then, the objection was not based upon her competency. Mr. Kummerfeld argued

instead that her deposition testimony should have been excluded because Ms. Kummerfeld was available for cross-examination at her deposition, but he did not have the opportunity to cross-examine her because he was not named in the underlying litigation.  Id.  In January 2007, Mr. Kummerfeld again submitted Ms. Kummerfeld's deposition testimony from 2000 and 2001, this time as evidence in support of his motion for summary judgment on the issues to be litigated at the January 2008 trial.  No reference was made in the summary judgment proceedings to Ms. Kummerfeld's competency at the time of her depositions.

During the pendency of this civil litigation, on May 24, 2000, Ms. Kummerfeld was charged in a twenty-six-count Superseding Indictment along with four codefendants.  See United States v. Mintus, No. 00 Cr. 49 (KMW).  The record of Ms. Kummerfeld's criminal proceedings does not reflect that any issue was raised as to her competency to stand trial.  She was convicted after jury trial on August 17, 2001 as to both counts in which she was named.

It appears from the docket sheet of Ms. Kummerfeld's criminal conviction that the first time an issue was raised as to her competency was on June 12, 2002, when the Honorable Kimba M. Wood was informed that Ms. Kummerfeld's counsel intended to file a motion for downward departure for diminished capacity.

On April 22, 2003, Judge Wood ordered Ms. Kummerfeld to submit to psychological testing to determine whether she was competent to be sentenced. Consideration of these issues extended over the course of nearly four years. Following submissions from the Government and Ms. Kummerfeld in late 2007, Judge Wood notified the parties on November 19 that she was considering a non-incarcerative sentence for Ms. Kummerfeld "based on defendant's significantly reduced mental capacity (1) at the time she committed the crimes for which she will be sentenced, and/or (2) at the time of sentencing." United States v. Mintus, No. 00 Cr. 49 (Docket Entry No. 405). On November 27, Judge Wood sentenced Ms. Kummerfeld to time served and ordered her to pay a mandatory $200 special assessment.

At sentencing, Judge Wood found that Ms. Kummerfeld suffered from an arterio-venous malformation in the left anterior frontal lobe of her brain that interfered during the time of the crime with her ability "to exercise executive functions and her ability to evaluate the actions of others." Ms. Kummerfeld's counsel explained that her mental condition was not known at the time of the trial, but was only discovered afterwards. Nonetheless, counsel claimed that it "undoubtedly impacted her thinking and her ability to create a mental intent." Following a statement by Ms. Kummerfeld, Judge Wood determined that Ms. Kummerfeld "suffered from a diminished

mental capacity, from a significantly reduced mental capacity when she committed the offense." Judge Wood further found that Ms. Kummerfeld's "significantly reduced mental capacity contributed substantially to her commission of the offense." Ms. Kummerfeld's "significantly reduced mental capacity" was "the single most important factor in sentencing."

In the joint pre-trial order for the jury trial on this civil action, filed on December 7, 2007, Cordius Trust expressed its intention to call Ms. Kummerfeld as a witness to "testify as to the fraud committed by KAI and KAI's failure to pay the judgment it owes to Cordius Trust." Mr. Kummerfeld submitted a motion in limine, dated December 4, seeking to preclude Ms. Kummerfeld's live testimony, or, should that testimony be permitted, to admit evidence concerning her diminished mental capacity.[1] Cordius Trust opposed Mr. Kummerfeld's motion, but

---

[1] In support of his motion in limine, Mr. Kummerfeld submitted four psychological and psychiatric evaluations of Ms. Kummerfeld as well as the transcript of her sentencing before Judge Wood. Two reports based on tests conducted in March and April 2002 were submitted together. One of the reports, a psychological evaluation, found Ms. Kummerfeld to be of superior to high average intelligence, and diagnosed her as having "marked difficulty in focusing maintaining attentional processes," being slightly aphasiac, exhibiting significant decisional dysfunction, and demonstrating a lack of emotionality and "lack of insight into her present situation." The accompanying report was based on cognitive testing and an MRI exam, and discerned limited expressive communication and mildly diminished ability to follow verbal instructions. A third report, dated May 24, 2002, was based on interviews with Ms. Kummerfeld conducted November 16 and November 21, 2001, as well

7

offered that, if it were permitted to designate portions of Ms. Kummerfeld's deposition testimony taken between December 1, 1999 and November 19, 2001 in lieu of her live testimony, and such portions of her testimony were admitted into evidence without any accompanying evidence concerning her mental state, it would not object to preclusion of Ms. Kummerfeld's live testimony.

At the final pretrial conference held on December 20, 2007, Mr. Kummerfeld expressed his objection to the admission of these transcripts unaccompanied by evidence of Ms. Kummerfeld's mental state. Decision on the motion in limine was reserved, and petitioner was ordered to designate specific transcript excerpts to be presented to the jury at trial. That designation, received on January 7, included testimony from depositions taken

---

as radiological examinations conducted following those interviews. The report concluded that Ms. Kummerfeld suffered from a neurological disorder known as an arterio-venous malformation, impinging the left frontal lobe of her brain. The condition exercised a "pernicious effect on the appropriate action of her executive functions," resulting primarily in disorganized thinking, impaired planning and foresight, and a lack of awareness as to self and likely consequences of one's actions. The psychiatrist opined that the brain injury had compromised Ms. Kummerfeld's "ability to make conscious choice when committing the crime" of which she had been found guilty. The final report, dated May 6, 2003, was intended to assist the court in assessing Ms. Kummerfeld's competency to be sentenced. It concluded, principally on the basis of an April 3, 2003 interview with Ms. Kummerfeld, that she had cognitive and personality disorders that would be exacerbated by an incarcerative sentence and that she was not competent to be sentenced.

8

January 14, 2000, June 1, 2000, October 15, 2001, October 24, 2001, and November 19, 2001.

DISCUSSION

The claims at issue in this trial are governed by New York state law. Accordingly, questions concerning the competency of witnesses are also governed by New York state law. See Fed. R. Evid. 601; Rosenfeld v. Basquiat, 78 F.3d 84, 88 (2d Cir. 1996). Under New York law, where the mental capacity of a witness is at issue, "[t]he test is whether the prospective witness has sufficient intelligence to understand the nature of any oath and to give a reasonably accurate account of what he has seen and heard vis-à-vis the subject about which he is interrogated." People v. Parks, 359 N.E.2d 358, 366 (N.Y. 1976) (citation omitted). The New York Court of Appeals has never squarely ruled on the issue of how to adjudge the competency of a deponent whose deposition testimony is sought to be introduced at a later trial. Presumably, the court's inquiry would be whether, at the time the deponent took the oath, she had "sufficient intelligence" to understand the nature of that oath and to give a reasonably accurate account of the facts. Should the witness's testimony be admitted, the court has wide discretion to admit evidence concerning the witness's mental capacity to "assist the jury in evaluating the testimony of that witness." Id. at 367. "[T]he ultimate decision as to all

9

witnesses' credibility and as to the persuasive force of their testimony is for the trier of fact." Presley v. United States Postal Service, 317 F.3d 167, 178 (2d Cir. 2003).

The deposition excerpts from 2000 and 2001 previously designated by Cordius Trust are admissible as evidence in this trial. KAI's and Ms. Kummerfeld's failure to object to her depositions being taken on the basis of Ms. Kummerfeld's alleged incapacity does not preclude Mr. Kummerfeld's present objection to the depositions' admissibility. See Fed. R. Civ. P. 32(d)(3)(A). Rather, absolutely no evidence has been adduced showing that Ms. Kummerfeld lacked "sufficient intelligence" to understand the nature of the oath administered at the depositions and to give a reasonably accurate account of the facts at these depositions. Indeed, as discussed above, steps taken by KAI and Mr. Kummerfeld in 2000 through early 2007 evidence their belief that Ms. Kummerfeld was both competent to serve both as a deposition and trial witness, and as a representative of the corporation before this Court in this litigation. Significantly, Mr. Kummerfeld has not pointed to any passage from these depositions as evidence supporting his motion in limine. Moreover, the designated deposition excerpts have been examined by the Court with care, and they reflect no mental infirmity or incompetence on the part of Ms. Kummerfeld.

Judge Wood's comments at Ms. Kummerfeld's sentencing do not require a different result.  Judge Wood entered a judgment of conviction against Ms. Kummerfeld, and imposed a sentence of time served and a $200 mandatory special assessment.  Had Judge Wood found that Ms. Kummerfeld was mentally incompetent, this entry of a judgment of conviction and imposition of a sentence would have been unconstitutional.  See Harris v. Kuhlmann, 346 F.3d 330, 349 (2d Cir. 2003) ("The constitutional right to due process is violated when a person who is incompetent is convicted of a crime, whether the conviction follows a trial or a plea of guilty.").  Indeed, Ms. Kummerfeld's competency to stand trial in August 2001 necessarily included her competency to testify on her own behalf at that trial.  The transcript of Ms. Kummerfeld's sentencing is best read to indicate that Judge Wood departed from a guidelines sentence due to Ms. Kummerfeld's "significantly reduced mental capacity at the time of committing the offense."  Moreover, the threshold for mental competency in criminal and civil matters is different.  Compare Parks, 359 N.E.2d at 366, with United States v. Nichols, 56 F.3d 403, 412 (2d Cir. 1995).  Whatever evidence Ms. Kummerfeld's counsel adduced at her criminal sentence to demonstrate her "significantly reduced mental capacity at the time of committing" the frauds for which she was indicted, Mr. Kummerfeld has not met his burden of demonstrating that, for the

purposes of admitting deposition testimony at a civil trial, Ms. Kummerfeld was incompetent at the time of the depositions to understand her legal obligations when testifying under oath and to distinguish truth from falsity in framing her response to questions.

Mr. Kummerfeld requests that he be permitted to admit evidence concerning Ms. Kummerfeld's competency in order to "assist the jury in evaluating the testimony of that witness." Parks, 359 N.E.2d at 367. New York courts have made clear that, where the competency of a witness is called into question, the Court has discretion to admit evidence touching on that issue. Id. While the admission of expert testimony from the medical professionals who produced reports on which Judge Wood relied will be governed by the Federal Rules of Evidence,[2] as was true in Parks, under the federal rules this Court retains considerable discretion. In this case, that discretion will not be exercised for three principal reasons.

First, the Court has wide latitude under Federal Rule of Evidence 403 to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The proffered psychiatric evidence concerning Ms.

---

[2] The reports themselves would not be admissible since they are hearsay.

12

Kummerfeld's mental competency has limited probative value at his trial and simultaneously poses a serious risk of confusing the issues at trial and of misleading the jury. The parties in this dispute are not litigating Ms. Kummerfeld's competency to develop a fraudulent intent at the time of committing her crime, as they were in the criminal proceeding before Judge Wood. The psychiatric reports submitted by Mr. Kummerfeld along with his motion in limine suggest primarily that Ms. Kummerfeld's condition affects her "executive functioning," and offer no suggestion that her ability to understand the meaning of her oath was impaired, or that she was unable to distinguish between truth and falsity at the time of her depositions. Thus the introduction of the evidence proffered by Mr. Kummerfeld runs the risk of creating a diversionary and lengthy quasi-trial on the issue of Ms. Kummerfeld's mental competency at the time of her depositions.

Second, admitting evidence of Ms. Kummerfeld's psychiatric condition at this point in the litigation would work a substantial unfairness on Cordius Trust. As discussed above, this is the first juncture in an eight-year litigation where a party has taken the position that Ms. Kummerfeld was mentally incompetent at the time of her depositions. She has been an active player in this litigation throughout, as a live witness in court, an actor on behalf of herself and KAI, and as a

deponent.  Indeed, her deposition testimony was introduced as recently as January 2007, without reference to her competency, by Mr. Kummerfeld himself on his motion for summary judgment. Such reliance on Ms. Kummerfeld's deposition testimony carried with it an implicit recognition of her competency as a witness.[3] Evidence of Ms. Kummerfeld's alleged incapacity has been available to Mr. Kummerfeld since at least 2002, based on the dates of the psychiatric reports he submitted with his motion in limine.  He therefore will not be permitted to adopt a contrary position to the one he has implicitly taken throughout this litigation.  Introducing this evidence for the first time now would prejudice Cordius Trust, because it has not had an opportunity to produce its own psychiatric examination of Ms. Kummerfeld.  Cordius Trust was not a party to the prosecution of Ms. Kummerfeld, during the pendency of which the psychiatric reports submitted by Mr. Kummerfeld were produced.  Cordius Trust therefore had no opportunity to submit those reports to meaningful adversary scrutiny.  This is perhaps the unusual case where such scrutiny might well result in a ruling that the expert testimony, insofar as it is cabined by the expert

---

[3] Indeed, if the underlying litigation on the promissory note were to be regarded as a separate judicial proceeding, Mr. Kummerfeld would likely be judicially estopped from admitting evidence of Ms. Kummerfeld's mental competency at her depositions.  See Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004).

reports, is inadmissible at this civil trial.  As already described, the experts did not opine on the issue of her competency to testify truthfully and accurately at her depositions.

Third, and finally, based on this Court's own observation of Ms. Kummerfeld and scrutiny of the designated deposition excerpts, there is no basis on which to infer that she was lacking in competency or the ability to either understand her oath or distinguish truth from falsity in her depositions.  Her deposition testimony is lucid, responsive, and coherent, as were all her appearances before this Court.  Whatever mental state she may be in now, or may have been in in November, when she was sentenced before Judge Wood, she was plainly a competent deponent in 2000 and 2001 when her depositions were taken.  Finding, therefore, that the limited probative value of the proffered testimony from the four psychiatric experts is substantially outweighed by the unfair prejudice to Cordius Trust and the very real risks of jury confusion and unnecessary complication of the trial, the testimony from the experts is precluded.  See United States v. Matera, 489 F.3d 115, 120-21 (2d Cir. 2007).

CONCLUSION

Mr. Kummerfeld's request to preclude the admission of Ms. Kummerfeld's deposition testimony at trial is denied. No evidence concerning Ms. Kummerfeld's mental competency at the time of her depositions shall be admitted at trial.

SO ORDERED:

Dated: New York, New York
January 10, 2008

DENISE COTE
United States District Judge