```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CORDIUS TRUST,                          :
                         Plaintiff,     :
                                        :
              -v-                       :
                                        :
ELIZABETH KUMMERFELD, KUMMERFELD        :
ASSOCIATES, INC.,                       :
                         Defendants.    :
                                        :    99 Civ. 3200 (DLC)
----------------------------------------X
                                        :    OPINION & ORDER
CORDIUS TRUST,                          :
                         Petitioner,    :
                                        :
              -v-                       :
                                        :
DONALD KUMMERFELD                       :
                         Respondent.    :
                                        :
----------------------------------------X
```

Appearances:
For Petitioner Cordius Trust:
Bradford S. Babbitt
James Wade
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

For Respondent Donald Kummerfeld:
Kenneth F. McCallion
McCallion & Associates LLP
24 West 40th Street, 17th Floor
New York, New York 10018

DENISE COTE, District Judge:

The instant action is an effort to pierce the corporate veil of Kummerfeld Associates, Inc. ("KAI") to render Donald Kummerfeld's ("Mr. Kummerfeld") personal assets amenable to

attachment. This Opinion addresses petitioner Cordius Trust's motion for sanctions, specifically, its request for an instruction to the jury that it may draw an adverse inference based upon the failure of KAI, Elizabeth Kummerfeld ("Ms. Kummerfeld"), and Mr. Kummerfeld to produce numerous documents requested in discovery. For the following reasons, petitioner's motion is granted and the adverse inference instruction shall be given.

BACKGROUND

I. The Original Proceeding

This lawsuit was initiated on May 4, 1999, when Cordius Trust filed a complaint against Ms. Kummerfeld and KAI, seeking payment on a promissory note executed by Ms. Kummerfeld, on behalf of herself and Kummerfeld Associates, Inc. ("KAI"). Mr. Kummerfeld and Ms. Kummerfeld are the only two shareholders of KAI. Additionally, Mr. Kummerfeld served as chairman and treasurer of KAI. In connection with the underlying litigation, Cordius Trust sought to depose Mr. Kummerfeld on numerous occasions. The subpoenas issued against Mr. Kummerfeld also requested that he provide Cordius Trust with access to a variety of documents related to KAI's dealings with Cordius Trust as well as KAI's corporate records. As this Court documented in an Opinion dated January 3, 2000:

> Between December 8, 1999 and December 17, 1999,
> plaintiff made repeated attempts to serve Kummerfeld
> at his residence with a[n] executed subpoena duces
> tecum, but the doorman repeatedly barred the process
> server from ascertaining whether Kummerfeld was in his
> apartment. When he attempted to effect service at
> Kummerfeld's place of business, the process server was
> informed that Kummerfeld was no longer employed there.
> Further, on December 21, 1999, at a pre-trial
> conference attended by Kummerfeld, Kummerfeld
> indicated that while he was amenable to service in his
> corporate capacity, and had in fact submitted to such
> service, he would not accept service of a subpoena
> that sought to depose him in his personal capacity.

Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000). Consequently, Cordius Trust sought, and was granted, alternative service of a subpoena duces tecum on Mr. Kummerfeld. Id.

Discovery in anticipation of a February 2000 bench trial was marked by dogged recalcitrance on the part of Ms. Kummerfeld and KAI. A conference was held on December 21, 1999 to address "the uncooperative attitude of the defendants in complying with discovery." Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2000 WL 264316, at *1. Documents requested in September 1999 were not submitted until the day of Ms. Kummerfeld's deposition on December 19, 1999. Mr. Kummerfeld was deposed on December 21, 1999 and January 13, 2000.

Following a one-day bench trial on the enforceability of the promissory note, Cordius Trust was awarded judgment (the "April 2000 Judgment") in the amount of $1,418,000 plus interest

3

and reasonable attorneys fees and costs. In connection with its request for attorneys fees and costs, Cordius Trust "complained primarily of the defendants' failure to participate in the discovery process." Trial counsel for Ms. Kummerfeld and KAI, Sheldon Farber, blamed any discovery abuse on prior counsel. The judgment was affirmed by the Second Circuit in an order dated November 30, 2000. See Cordius Trust v. Kummerfeld Assocs., Inc., 242 F.3d 364 (2d Cir. 2000).

II. The Veil-Piercing Action

The April 2000 Judgment was never paid. Cordius Trust filed a Restraining Notice to Judgment Debtors on February 20, 2001, and served it on KAI and Ms. Kummerfeld. Presumably in order to secure payment on the judgment, Cordius Trust deposed Ms. Kummerfeld and Mr. Kummerfeld through late 2000 and 2001. A September 19, 2001 notice of deposition addressed to Ms. Kummerfeld requested that she cause KAI to provide Cordius Trust with certain documents. Letters dated October 18 and October 30, 2001 identified more documents responsive to Cordius Trust's discovery requests. Mr. Kummerfeld was deposed on November 19, 2001.

Cordius Trust moved on March 25, 2003, pursuant to Federal Rule of Civil Procedure 69, for the issuance of a writ of execution and turnover order piercing the corporate veil of KAI to render Mr. Kummerfeld's assets amenable to attachment. The

motion was submitted to Magistrate Judge Ronald L. Ellis for a report and recommendation (the "Report"). As the Report noted, Cordius Trust encountered a variety of obstacles in serving Mr. Kummerfeld with the turnover petition: Cordius Trust's process server sent certified copies of the petition to Mr. Kummerfeld's home and attorney, but was unable to serve Mr. Kummerfeld personally at KAI's offices because she was told that Mr. Kummerfeld had moved and left no forwarding address. The Report described this as a "pattern of evasion."

The Report recommended that KAI's veil be pierced, and this recommendation was accepted. Cordius Trust's Rule 69 motion was granted on March 30, 2004, see Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2004 WL 616125 (S.D.N.Y. Mar. 30, 2004) (the "March 2004 Opinion"), and judgment was entered in Cordius Trust's favor on April 30. In accepting the recommendation, the Court noted that defendants had "failed to produce financial information for 1999, 2000, and 2001, despite Cordius's repeated demands," and that Donald Kummerfeld "has not disputed this point, and has not produced the missing information even though it is in his control as chairman and treasurer of KAI." Id. at *2 n.2.

Following a partial reversal by the Second Circuit in an order dated October 4, 2005, see Cordius Trust v. Kummerfeld, 153 Fed. App'x 761 (2d Cir. 2005), the action was scheduled for

trial set to begin January 14, 2008. On December 2, 2005, Cordius Trust again requested production of previously sought documents; the letter was addressed to Ms. Kummerfeld and KAI as defendants, and to Mr. Kummerfeld as respondent.

Despite the Second Circuit's explicit admonition in 2005 that "the case must return to district court to permit further development of the factual record on" questions pertaining to the veil-piercing action, Cordius Trust, 153 Fed. App'x at 764, the persistent non-responsiveness of KAI, Ms. Kummerfeld, and Mr. Kummerfeld to discovery requests spanning 1999 to 2005 has, most importantly, "resulted in a lack of evidence regarding KAI's finances in 1999, the year during which KAI and Ms. Kummerfeld were found to have executed and failed to repay the promissory note with Cordius that forms the basis of the action underlying the instant petition." Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2007 WL 2435156, at *2 (S.D.N.Y. Aug. 29, 2007) (the "August 2007 Opinion"). Accordingly, Cordius Trust has been "denied the usual means by which plaintiffs prove that one who is found to dominate a corporation has used his domination to cause the plaintiff's injury." Id. at *7 n.20.[1]

---

[1] The August 2007 Opinion specifically contemplated that, as a result of respondent's discovery abuses, at trial, "Cordius may be entitled to the benefit of certain inferences at trial, or even a spoliation charge." August 2007 Opinion, 2007 WL 2435156, at *7.

6

Cordius Trust filed a motion for sanctions on December 7, 2007, along with the joint pretrial order for a trial set to begin January 14, 2008. The motion sought, <u>inter alia</u>, an instruction permitting the jury to draw an adverse inference based upon respondent's failure to produce numerous documents requested in discovery.

DISCUSSION

An adverse inference is an equitable device that serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence," or failure to produce evidence, by the opposing party. <u>Kronisch v. United States</u>, 150 F.3d 112, 126 (2d Cir. 1998). As the Second Circuit has observed, the adverse inference

> provides the necessary mechanism for restoring the evidentiary balance. The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss.

<u>Residential Funding Corp. v. Degeorge Financial Corp.</u>, 306 F.3d 99, 108 (2d Cir. 2002) (citation omitted). An adverse inference is available not only where the evidence at issue has been destroyed, but also where it has not been timely produced, or not produced at all. In such situations,

> the party seeking the instruction must show (1) that the party having control over the evidence had an

7

> obligation to timely produce it; (2) that the party
> that failed to timely produce the evidence had "a
> culpable state of mind"; and (3) that the missing
> evidence is "relevant" to the party's claim or defense
> such that a reasonable trier of fact could find that
> it would support that claim or defense."

Id. at 107. Cordius Trust has carried its burden as to each of these three prongs and, accordingly, an adverse inference instruction will be given to the jury.

As to the first prong, it has been established as a matter of law that Mr. Kummerfeld dominated KAI beginning in 1997, "at the time and shortly following the actions that gave rise to the plaintiff's claims." August 2007 Opinion, 2007 WL 2435156, at *2; see Cordius Trust, 153 Fed. App'x at 761-62 (affirming this Court's finding of Donald Kummerfeld's domination of KAI). Moreover, it has repeatedly been noted that, as treasurer and chairman of KAI since its inception in 1985, Mr. Kummerfeld exercised control over KAI's financial information. See August 2007 Opinion, 2007 WL 2435156, at *2 n.5; March 2004 Opinion, 2004 WL 616125, at *2 n.2, *8 n.16. Accordingly, it is clear both that Mr. Kummerfeld had control over the documents requested and that, pursuant to the subpoenas and discovery requests made by Cordius Trust, he was under an obligation to produce them. As detailed above, Mr. Kummerfeld was extensively involved not only in the instant veil-piercing action, but also in the underlying action on the promissory note. Documents

sought during either of those time periods were reasonably requested from KAI and Mr. Kummerfeld, but not produced.

As to the second prong of the test, concerning the non-producing party's state of mind, the Second Circuit has endorsed a "case-by-case approach to the failure to produce relevant evidence," because "such failures occur along a continuum of fault -- ranging from innocence through the degrees of negligence to intentionality." Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999) (citation omitted). Accordingly, the court has "leeway to tailor sanctions to insure that spoliators do not benefit from their wrongdoing -- a remedial purpose that is best adjusted according to the facts and evidentiary posture of each case." Id. at 267. As the Second Circuit has recognized, "it makes little sense to confine promotion of [the adverse inference's] remedial purpose to cases involving only outrageous culpability, where the party victimized by the spoliation is prejudiced irrespective of whether the spoliator acted with intent or gross negligence." Id. at 267-68. Here, it is clear that KAI, Ms. Kummerfeld, and Mr. Kummerfeld withheld the requested documents intentionally and in bad faith. Over eight years of clear and probing discovery requests, they have offered no adequate explanation for their failure to comply with Cordius Trust's requests. Tellingly, they have offered no explanation in response to this

motion.  There is simply no explanation other than willfulness for this behavior.

As to the third prong, concerning the relevance of the evidence at issue, the party seeking an adverse inference must "adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction." Residential Funding Corp., 306 F.3d at 109 (citation omitted) (alteration in original).  "A showing of gross negligence in the destruction or untimely production of evidence will in some circumstances suffice, standing alone, to support a finding that the evidence was unfavorable to the grossly negligent party."  Id.

Defendants' and respondent's long-term and purposeful evasion of discovery requests give rise to an inference that the evidence sought would be unfavorable to them, in satisfaction of this relevance prong.  Indeed, as the August 2007 Opinion noted, the evidence sought by Cordius Trust over the last eight years is precisely the "usual means by which plaintiffs prove that one who is found to dominate a corporation has used his domination to cause the plaintiff's injury."  August 2007 Opinion, 2007 WL 2435156, at *21 n.20.  "These usual means include showing that Kummerfeld diverted payments made to the corporation into his personal bank accounts or toward the purchases of goods or

services for his personal benefit, to the expense of KAI's ability to meet its corporate obligations." Id. Having been put on notice by the Court that the evidence sought, but not produced, was key to Cordius Trust's ability to make its case, and thereafter failing to produce properly requested evidence, Donald Kummerfeld cannot now assert, and indeed does not assert, that the evidence sought was not relevant.[2]

In opposition to this motion, Mr. Kummerfeld makes essentially two arguments. Mr. Kummerfeld observes that he was only added as a party to this action in 2003, and therefore that he should not be punished in the instant veil-piercing action for discovery abuse allegedly committed by KAI and Ms. Kummerfeld during the period proceeding his formal joinder. He observes that the vast majority of discovery requests were made in connection with the underlying action on the promissory note, which eventuated in the April 11, 2000 judgment against Ms. Kummerfeld and KAI. Accordingly, any discovery abuse committed in connection with that action, he argues, ought not to be yoked into the instant enforcement action. This argument fails for two reasons.

First, as described in detail above, Donald Kummerfeld was both aware of and a participant in this litigation since the

---

[2] The documents which were not produced include detailed cash disbursement records, credit card records, bank records, and tax returns.

11

very beginning.  He was subpoenaed in 1999 and deposed several times in 1999, 2000, and 2001.  During that time, he failed to produce the vast majority of documents sought by Cordius Trust, even though they were requested both from him personally and from KAI, of which he was chairman and treasurer.  He is thus rightfully held responsible for discovery abuse that occurred during the time he dominated KAI.

Second, contrary to respondent's blithe assertion that the "timely obligation to produce discovery" in the underlying action on the promissory note ceased with the resulting judgment issued on April 11, 2000, Mr. Kummerfeld has been under a continuing obligation to produce the documents sought throughout the pendency of this litigation.  The instant action is an enforcement action, necessarily brought by Cordius Trust against Mr. Kummerfeld because of Cordius Trust's inability to collect on a debt that is owed them.  These two actions are part of one singular litigation, which bears one docket number and has been pending continuously before this Court since 1999.  As noted above, the discovery abuse committed by the defendants in this case has been repeatedly referenced in opinions.  Moreover, on several occasions the Court has referred pointedly to Mr. Kummerfeld's obligations with respect to discovery.  Especially following the veil-piercing judgment issued against him in 2004, Mr. Kummerfeld has been under an obligation, as an officer of

KAI, to facilitate the production of requested documents in this litigation.  His assiduous failure to do so, over a period of eight years and in the face of repeated requests, requires that the jury be instructed on the availability of an adverse inference.

As to the December 2, 2005 request for production, Mr. Kummerfeld argues that his failure to comply should not be held against him either, first because the request was addressed to "Defendants" (and not to Mr. Kummerfeld as "Respondent"), and, second, because Cordius Trust did not seek to enforce the request by a separate enforcement action or a request for sanctions.  Both arguments are wholly without merit.  First, by October 4, 2005, the date of the Second Circuit's decision affirming this Court's finding of Mr. Kummerfeld's domination of KAI, it had been established beyond peradventure that Mr. Kummerfeld controlled KAI.  Any discovery request addressed to KAI after that date should have been understood to impose production obligations on Mr. Kummerfeld.  Second, there is no excuse for failing to respond to a properly made discovery request.  The request was served on Mr. Kummerfeld's counsel and the caption clearly identified the demand as one made within the litigation to pierce the corporate veil and reach Mr. Kummerfeld's assets.  Having been stonewalled for almost a

decade, Cordius Trust was not required to expend its resources to bring yet another motion to compel.

CONCLUSION

Cordius Trust's motion for an adverse inference instruction is granted, provided that Cordius Trust shows at trial that it made a document demand on KAI or Mr. Kummerfeld for material documents that were not produced.

SO ORDERED:

Dated:   New York, New York
         January 11, 2008

                                    _____
                                           DENISE COTE
                                    United States District Judge