```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
CORDIUS TRUST,                      :
                  Plaintiff,        :
                                    :
           -v-                      :
                                    :
ELIZABETH KUMMERFELD, KUMMERFELD    :
ASSOCIATES, INC.,                   :
                  Defendants.       :   99 Civ. 3200 (DLC)
                                    :
---------------------------------- X    OPINION & ORDER
                                    :
CORDIUS TRUST,                      :
                  Petitioner,       :
                                    :
           -v-                      :
                                    :
DONALD KUMMERFELD,                  :
                  Respondent.       :
                                    :
---------------------------------- X
```

Appearances:

For Plaintiff Cordius Trust:

Bradford. S. Babbitt
James A. Wade
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

For Respondent Donald D. Kummerfeld:

Kenneth F. McCallion
McCallion & Associates LLP
100 Park Avenue, 16th Floor
New York, NY 10017


DENISE COTE, District Judge:

In an October 23, 2009 Opinion, Donald Kummerfeld and his wife, Elizabeth Kummerfeld (collectively, the "Kummerfelds"),

were held in contempt.  See Cordius Trust v. Kummerfeld, 99 Civ. 3200(DLC), 2009 WL 3416235, at *13 (S.D.N.Y. Oct. 23, 2009) (the "October 2009 Opinion").  The Kummerfelds were ordered to quit-claim their property in Brewster, Massachusetts (the "Cape Cod property") to Cordius Trust and to withdraw their fraudulent declaration of homestead for that property.  Id. at *14.  The order was stayed with respect to Mr. Kummerfeld, however, pursuant to his filing for bankruptcy protection two days earlier.  The Kummerfelds filed a Notice of Appeal of the October 2009 Opinion on November 23, 2009.

On December 16, 2009, the bankruptcy court partially lifted the automatic stay in Mr. Kummerfeld's bankruptcy case to permit Cordius Trust to enforce the relief ordered in the October 2009 Opinion with respect to Mr. Kummerfeld.  See Order of Dec. 16, 2009, In re: Donald David Kummerfeld, No. 09-16267 (Bankr. S.D.N.Y.).  On January 13, 2010, this Court ordered Mr. Kummerfeld to execute and return to counsel for Cordius Trust the quit-claim deed and withdrawal of declaration of homestead for the Cape Cod property by January 20 at 5:00 PM.  On January 15, Mr. Kummerfeld filed a motion pursuant to Rule 62(c), Fed. R. Civ. P., to obtain a stay of the January 13 Order pending appeal of the October 2009 Opinion.  By Order dated January 19, the deadline by which Mr. Kummerfeld was to comply with the January 13 Order was extended to January 27 at 5:00 PM pending

2

resolution of his motion for a stay. On January 20, Cordius Trust filed an opposition to Kummerfeld's motion for a stay. For the following reasons, Mr. Kummerfeld's January 15 motion for a stay is denied.

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 129 S.Ct. 1749, 1760 (2009) (citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 1761. The four factors to be considered by a court in issuing a stay pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); accord Nken, 129 S.Ct. at 1761. "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." World Trade Center, 503 F.3d at 170 (citation omitted).

3

Mr. Kummerfeld has not demonstrated that the appeal of the October 2009 Opinion is likely to succeed. "[W]hen a district court's ruling on a contempt motion is challenged on appeal, its interpretation of the terms of the underlying order or judgment is subject to de novo review; its factual findings are accepted unless they are shown to be clearly erroneous; and its ultimate ruling on the contempt motion is reviewed for abuse of discretion." Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y., 558 F.3d 159, 164 (2d Cir. 2009).

The October 2009 Opinion found that Magistrate Judge Ellis' May 6, 2008 discovery order was "clear and unambiguous" and that evidence of Mr. Kummerfeld's noncompliance with that order was "clear and convincing." See Cordius Trust, 2009 WL 3416235, at *8-10. In his motion for a stay, Mr. Kummerfeld points to nothing in the record that would undermine these findings.[1] Furthermore, Mr. Kummerfeld fails to show how the finding that he violated Magistrate Judge Ellis' discovery order was "clearly erroneous." Instead, he merely suggests that "public policy considerations may militate" against finding that he violated

---

[1] Although Mr. Kummerfeld now contends that there was "conflicting testimony" as to what Magistrate Judge Ellis had ordered, the October 2009 Opinion specifically found that "Mr. Kummerfeld had not submitted any sworn testimony disputing the existence of the May 6, 2008 Discovery Order and its two-week deadline." Cordius Trust, 2009 WL 3416235, at *10. In addition to the direct compelling evidence of a clear and unambiguous order, there was also corroborative circumstantial evidence to support this finding. See id. at *9-10.

4

the discovery order.  This argument is unlikely to prevail on appeal.

Moreover, in his motion for a stay, Mr. Kummerfeld challenges only one of the two bases on which he was held in contempt -- his violation of the May 6, 2008 discovery order. Mr. Kummerfeld does not address the October 2009 Opinion's finding that he violated the restraining notices obtained by Cordius Trust.  See id. at *10-13.  For this reason as well, Mr. Kummerfeld has failed to demonstrate a likelihood of success on appeal.[2]

Mr. Kummerfeld has also failed to show that he would be irreparably injured absent a stay.  Mr. Kummerfeld's only assertion in support of a finding of irreparable injury is that "[o]nce he signs the deed to the [Cape Cod] property over to Cordius, it will be difficult if not impossible to unring that bell in the event of a favorable ruling on the appeal." Unfortunately for Mr. Kummerfeld, that "bell" has already rung. Cordius Trust holds a judgment lien of approximately $3 million on the Cape Cod property, which is valued at around $1.7 million

---

[2] Mr. Kummerfeld also contends that he intends to raise "other serious issues" on appeal, including whether the order to quit-claim the Cape Cod property to Cordius Trust was "lawful" or "appropriate."  As the October 2009 Opinion found, however, Mr. Kummerfeld has "fail[ed] to cite any provision of Massachusetts law (or New York law for that matter) which would prevent the Court from grating the relief" provided to Cordius Trust.  See Cordius Trust, 2009 WL 3416235, at *14.

5

and is now in foreclosure. See id. at *14 n.16. Mr. Kummerfeld's bankruptcy estate therefore has no viable interest in the Cape Cod property, as the bankruptcy trustee has apparently acknowledged. Accordingly, the bankruptcy court has lifted the automatic stay specifically to permit Cordius Trust to obtain the quit-claim deed and the withdrawal of declaration of homestead from Mr. Kummerfeld pursuant to this Court's October 2009 Opinion. Thus, whether Mr. Kummerfeld quit claims the Cape Cod property to Cordius Trust or whether Cordius Trust forecloses on its judgment lien, Mr. Kummerfeld will lose the Cape Cod property.[3]

With respect to the final two factors, it cannot be disputed that Cordius Trust would be substantially harmed if the judgment against Mr. Kummerfeld continued to go unsatisfied or that the public interest favors the denial of a stay. As the October 2009 Opinion observed, "Cordius has complied with federal, New York, and Massachusetts procedures in its almost decade-long quest to enforce the judgments, but has been

---

[3] As noted in the October 2009 Opinion, the interests of any third parties in the Cape Cod property, including any unsecured creditors of the Kummerfelds, will not be affected if Mr. Kummerfeld quit claims the property to Cordius Trust. The quit-claim deed will give Cordius Trust an interest in the property equal to that held by the Kummerfelds and thus subject to other encumbrances, including a tax lien by the city of Brewster, Massachusetts, and the primary mortgage on the property, which, as noted above, is in foreclosure. See Cordius Trust, 2009 WL 3416235, at *14 n.16.

6

obstructed by the Kummerfelds each step of the way." Id. at *14. Mr. Kummerfeld's request for a stay pending appeal is but one more attempt to obstruct Cordius Trust's efforts to enforce the judgments against the Kummerfelds. Granting a stay of the January 13 Order pending appeal would only prolong, possibly for a year or more, the relief to which Cordius Trust is unquestionably entitled. Further, there is an overwhelmingly strong public interest in seeing that the judgments against the Kummerfelds are finally -- if only partially -- satisfied and in ensuring that Mr. Kummerfeld at last complies with his legal obligations. Given the extraordinary circumstances of this case, and the history of intransigence on the part of Mr. Kummerfeld and his wife, the aphorism that "justice delayed is justice denied" aptly applies.

## CONCLUSION

Mr. Kummerfeld's January 15, 2010 motion for a stay of the January 13, 2010 Order pending appeal is denied.

SO ORDERED:

Dated: New York, New York
January 21, 2010

*Denise Cote*
DENISE COTE
United States District Judge

7